UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    SENECA BIOENERGY, LLC,               Case No. 14-21470
                                                      Chapter 11
                   Debtor.

_____

**DECISION AND ORDER
GRANTING MOTION TO DISMISS
CHAPTER 11 CASE**

PAUL R. WARREN, United States Bankruptcy Judge

Generations Bank, previously known as Seneca Falls Savings Bank ("Generations Bank"), has moved to dismiss this ailing small business Chapter 11 case of Seneca BioEnergy, LLC ("Debtor"), under 11 U.S.C. §§ 1112(b)(4)(A) and 1112(b)(4)(D). Generations Bank alleges that the Debtor has suffered substantial or continuing losses to or diminution of the estate and that there is not a reasonable likelihood of rehabilitation, coupled with the Debtor's unauthorized use of cash collateral and lack of good faith (ECF No. 44).[1] In the alternative, Generations Bank seeks to prohibit the Debtor's continuing post-petition use of Generations Bank's collateral, including cash collateral, under 11 U.S.C. §§ 105(a), 361, 362, and 363 (*Id.*).

---

[1] Generations Bank also moves for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(C), based on the Debtor's failure to obtain appropriate insurance (ECF No. 44). After Generation Bank's motion to dismiss was filed—and after numerous hearings on the U.S. Trustee's ("UST") motion to compel the Debtor to deliver proof of insurance, or alternatively, to dismiss the case (ECF No. 27)—the Debtor provided proof of insurance at the last possible moment before certain dismissal (ECF No. 90). The UST's motion to compel or dismiss was rendered moot (*Id.*). Generations Bank's argument for dismissal under 11 U.S.C. § 1112(b)(4)(C) is also rendered moot.

New York Business Development Corporation ("NYBDC"), a senior secured creditor, has joined in support of Generation Bank's motion for dismissal (ECF No. 61). The motion was adjourned by Generations Bank several times at the Debtor's request, to afford the Debtor an opportunity to attempt to secure financing (ECF Nos. 86, 93, 98). The Debtor has not responded to Generation Bank's motion in any meaningful way—during the three months that the motion has been pending—and has not offered substantive reasons why the case should not be dismissed (ECF No. 83). At oral argument on the motion, held on May 19, 2015, counsel for the Debtor indicated that a consensual dismissal would likely be requested in the near future. The Court finds that Generations Bank and NYBDC have demonstrated cause to convert or dismiss the case under 11 U.S.C. § 1112(b)(4)(A)—and further finds that neither exception under 11 U.S.C. § 1112(b)(1) or (b)(2) applies in this case. The Court determines, in the exercise of its discretion, that dismissal of this case is in the best interest of creditors and the estate. The motion of Generations Bank is **GRANTED**, under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A). The case is **DISMISSED**, under 11 U.S.C. § 1112(b)(1).

## I.
## JURISDICTION

The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core matter pursuant to 28 U.S.C. § 157. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure ("FRBP").

## II.

## FACTS

The Debtor is a small business that "processes and presses grape seeds to create finely flavored oil" (ECF No. 14, Statement of Financial Affairs). The Debtor filed a voluntary Chapter 11 petition on December 1, 2014, days before NYBDC's scheduled foreclosure sale of the Debtor's real property, and shortly before a scheduled hearing before the Seneca County Supreme Court in connection with a replevin action by Generations Bank with respect to all of the Debtor's personal property (ECF No. 1; ECF No. 44 ¶ 13; ECF No. 61 ¶¶ 9-11). The Debtor's real property—a 55-acre parcel of real estate located at 6238 State Route 96, Romulus, New York 14541 ("real property")—is encumbered by a first mortgage held by NYBDC, a second mortgage held by Generations Bank, and tax liens owed to the Town of Romulus, collectively in the principal amount of $805,147.26 (ECF No. 14, Am. Schedules A & D; ECF No. 44 ¶¶ 11-12; ECF No. 61 ¶¶ 5-6). The Debtor indicates that the value of the real property is $3,100,000.00, but offers no proof of valuation (ECF No. 14, Am. Schedules A & D). The Debtor's personal property—including accounts, general intangibles, documents, chattel paper, instruments, equipment, tangible personal property, inventory, deposit accounts, and proceeds ("collateral")—is valued at $675,900.01 and is subject to Generations Bank's perfected security interest under a commercial security agreement (ECF No. 44 ¶¶ 12-13). According to the Debtor's schedules, Generations Bank's claim is valued at $166,000 (ECF No. 14, Am. Schedule D). However, Generations Bank asserts that it is owed a principal sum of $457,806.65 (ECF No. 44 ¶ 6). The claims of unsecured and nonpriority creditors total $171,953.26 (ECF No. 14, Am. Schedules E & F). However, nearly ninety percent of the unsecured creditors are insiders of the Debtor and members of the Debtor LLC (ECF No. 44 ¶ 6; ECF No. 14, Am. Schedule F).

3

During the nearly six months that this Chapter 11 case has been pending—and the secured creditors' state court actions have been held in abeyance—the Debtor has not made post-petition adequate protection payments to NYBDC or Generations Bank (ECF No. 61 ¶ 14; ECF No. 44 ¶ 29). The Debtor's monthly operating reports for the past three months indicate that during the months of February, March, and April 2015, the Debtor operated at a loss, while it incurred unpaid post-petition expenses (ECF Nos. 81, 96, 100). In April 2015, the Debtor had a negative cash profit of -$8,543.33, and its unpaid expenses totaled $7,868.82 (ECF No. 100). The April operating report projects a negative cash flow of -$1,500 for the month of May (*Id.*). Meanwhile, the Debtor has assumed additional post-petition liabilities by entering into a finance agreement to fund the Debtor's insurance premiums because the Debtor lacked the ability to pay those premiums from cash flow (*See* ECF Nos. 76, 80).

On February 10, 2015, Generations Bank filed a motion to dismiss the case under 11 U.S.C. § 1112(b)(4)(A) and 1112(b)(4)(D) (ECF No. 44). NYBDC has joined in support of the motion (ECF No. 61). Generation Bank agreed to adjourn the hearing on its motion three times, presumably in hopes that the Debtor's financial future might improve with the prospect of a sale of the Debtor's assets to a third party (ECF Nos. 89, 96, 100). The Debtor did not file any opposition to the motion to dismiss. At a May 19, 2015 hearing, Generations Bank pressed its motion to dismiss, asserting that the estate continues to suffer losses without a reasonable likelihood of rehabilitation. The Debtor indicated that it was negotiating an asset-purchase agreement with a buyer, as well as a forbearance agreement with Generations Bank. The Debtor stated that there would be no harm in dismissing the case, as the parties were working toward a consensual dismissal in any event.

4

# III.

# ANALYSIS

Dismissal or conversion of a Chapter 11 case must be granted, under 11 U.S.C. § 1112(b), if the movant demonstrates "cause," unless the Court finds that the exceptions provided by either 11 U.S.C. § 1112(b)(1) or (b)(2) apply. *In re Spencerport Dev., LLC*, No. 14-21154 (PRW), 2014 Bankr. LEXIS 4909, at *3-4 (Bankr. W.D.N.Y. Dec. 4, 2014). Under the exception created by 11 U.S.C. § 1112(b)(1), the Court may deny a motion to convert or dismiss if it determines that the appointment of a trustee or examiner is in the best interest of the estate and its creditors. *Id.*; 7 Collier on Bankruptcy ¶ 1112.05[1] (16th ed. rev.). Here, no party in interest has requested the appointment of a Chapter 11 Trustee. The exception created by 11 U.S.C. § 1112(b)(2) applies where the Court finds and specifically identifies "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," coupled with the showing required by 11 U.S.C. § 1112(b)(2)(A) and (B). 11. U.S.C. § 1112(b)(2); *Spencerport*, 2014 Bankr. LEXIS 4909, at *4. Here, neither the Debtor nor any party in interest demonstrated—or even suggested—the existence of any unusual circumstances. The Court finds that the exceptions under 11 U.S.C. § 1112(b)(1) and (b)(2) do not apply in this case.

The moving party bears the initial burden to establish, by a preponderance of the evidence, the existence of "cause" to convert or dismiss a Chapter 11 case. *Spencerport*, 2014 Bankr. LEXIS 4909, at *4; 7 Collier on Bankruptcy ¶ 1112.04[4] (16th ed. rev.). If the movant establishes cause to convert or dismiss—and the Court finds, as it has in this case, that the exceptions under 11 U.S.C. § 1112(b)(1) and (b)(2) do not apply—the Court *must* convert or dismiss the Chapter 11 case. *Spencerport*, 2014 Bankr. LEXIS 4909, at *4. The Court has wide

discretion to determine whether cause exists to convert or dismiss under § 1112(b). *In re MF Global Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012); 7 Collier on Bankruptcy ¶ 1112.05[2] (16th ed. rev.).

Here, Generations Bank asserts that cause exists for dismissal or conversion, under 11 U.S.C. § 1112(b)(4)(A), because of a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." The Debtor's operating reports reflect that for the past four months, the Debtor has either operated at a loss or made a minimal cash profit, while accumulating post-petition arrears and incurring additional expenses in the form of a post-petition financing agreement with administrative priority status (ECF Nos. 100, 97, 81, 54). Further, the fact that the Debtor has not made post-petition adequate protection payments to secured creditors NYBDC and Generations Bank, coupled with its failure to pay its post-petition expenses, demonstrates that the Debtor is unable to satisfy its current ongoing obligations. *See In re Sheehan Mem'l Hosp.*, 301 B.R. 777, 779-80 (Bankr. W.D.N.Y. 2003) (finding cause to convert or dismiss under § 1112(b) based on the "debtor's persistent and substantial failure to pay its ongoing expenses of operation" and noting that the "bankruptcy code presumes . . . that a debtor-in-possession will generally satisfy its current obligations"). The Debtor's prospects do not give a reason for optimism, as demonstrated by the Debtor's projected negative income (ECF No. 97). In sum, the Debtor's financial history suggests a pattern of steady decline. *See* 7 Collier on Bankruptcy ¶ 1112.04[6][a] (16th ed. rev).

Generations Bank further submits that the Debtor has no likelihood of "rehabilitation" because the Debtor has failed to offer a viable plan of reorganization, other than to vaguely refer to "substantial interest by investors" (ECF No. 44 ¶ 33 & n.6). To date, the Debtor has not offered any evidence of a reasonable likelihood of rehabilitation. Indeed, the Debtor has elected

6

not to respond to Generation Bank's motion to dismiss. At the May 19, 2015 hearing, the Debtor admitted that it could—and would—continue to negotiate an asset-purchase agreement and a forbearance agreement with its secured creditors outside of the Bankruptcy Court. The Court has no indication that the Debtor or another party will be able "'stop the bleeding' and return the debtor to solid financial footing within a reasonable amount of time," under the protection of the Bankruptcy Court. 7 Collier on Bankruptcy ¶ 1112.04[6][a] (16th ed. rev). Thus, the Court finds that Generations Bank has demonstrated by a preponderance of the evidence both (1) a substantial and continuing loss to and diminution of the estate and (2) the absence of a reasonable likelihood of rehabilitation. As a result, cause exists to convert or dismiss this Chapter 11 case, pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A). The Court need not reach Generation Bank's additional arguments for cause to convert or dismiss, based on the Debtor's "unauthorized use of cash collateral substantially harmful to [one] or more creditors" under 11 U.S.C. § 1112(b)(4)(D) or lack of good faith.

Having determined that Generations Bank has established "cause" under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A), the Court is statutorily required to convert or dismiss this case.[2] The decision to convert or dismiss depends on which remedy would best serve the interests of creditors and the estate. In deciding whether to convert or dismiss, the Court may consider the following factors:

> (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal, (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted, (3) whether the debtor would simply file a further case upon dismissal, (4) the ability of the trustee in a chapter 7 case to reach assets for

---

[2] The Court has found that neither exception under 11 U.S.C. §§ 1111(b)(1) or (b)(2) applies to this case.

the benefit of creditors, (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise, (6) whether any remaining issues would be better resolved outside the bankruptcy forum, (7) whether the estate consists of a "single asset," (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests, (9) whether a plan has been confirmed and whether any property remains in the estate to be administered, and (10), whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

7 *Collier on Bankruptcy* ¶ 1112.04[7] (16th ed. rev.); *see In re Babayoff*, 445 B.R. 64, 81-82 (Bankr. E.D.N.Y. 2011). Here, several factors weigh in favor of dismissal, rather than conversion. The estate consists of a single asset, the value of which may more closely approximate the amount of secured debts and taxes than the value suggested by the Debtor. There are virtually no unsecured creditors—nearly ninety percent of the unsecured class members are insiders of the Debtor. If this case is converted, a Chapter 7 trustee will be faced with the difficulty of having to insure the property, with no funds to do so, exposing the public to risk unnecessarily. There is no suggestion that any creditors received preferential payments. There is no economical enterprise to be maximized by the Chapter 7 Trustee. There is simply a large parcel of real estate and pieces of equipment, subject to substantial secured liens. The Debtor and its two secured creditors can best address their rights and remedies in the state courts. Further delaying the secured creditors' ability to realize on their collateral will only serve to erode any equity cushion. Based on the record, the Court finds that dismissal, rather than conversion, is in the best interest of creditors and the estate under 11 U.S.C. § 1112(b)(1).

## IV.

## CONCLUSION

The Court finds, in the exercise of its discretion, that dismissal of this case is in the best interests of the creditors and the estate. The motion of Generations Bank, requesting dismissal for cause, is **GRANTED,** pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A). The case is **DISMISSED,** pursuant to 11 U.S.C. § 1112(b)(1).

IT IS SO ORDERED.


Dated: May 19, 2015   _____/s/_____
      Rochester, New York   HON. PAUL R. WARREN
                                               United States Bankruptcy Judge